DOMENGEAUX, Chief Judge.
The Town of Welsh filed this declaratory judgment action against the Jefferson Davis Parish Sanitary Landfill Commission seeking to have two contracts between the Commission and American Waste and Pollution Control Company declared null and void. The trial court found the provisions of the contracts actually transferred control of the operations and management of the landfill from the Commission to American Waste. Under the charter which created the Commission, such control can be transferred only with the unanimous consent of the governing bodies which established the Commission. Because unanimous consent was not obtained, the trial court declared the contracts null and void.
We affirm, adopting as our own, that portion of the trial court’s reasons which pertains to the question before us, i.e. whether the contracts at issue served to transfer control of the dáy-to-day operations and management of the landfill to American Waste. We quote from the trial court’s reasons:
“This litigation arises out of two contracts entered into by and between the JEFFERSON DAVIS PARISH SANITARY LANDFILL COMMISSION (Commission) and AMERICAN WASTE AND POLLUTION CONTROL COMPANY (American Waste).
“The Commission was created by the Jefferson Davis Parish Police Jury, the City of Jennings, the Town of Lake Arthur, and the Town of Welsh, pursuant to LSA R.S. 33:1321, et seq.
“LSA R.S. 33:1321, et seq. is known as ‘The Local Services Law,’ and is authorized by Article 6, Section 20, of the Louisiana Constitution of 1974, which permits a political subdivision to ‘exercise and perform any authorized power and function, including financing, jointly or in cooperation with one or more political subdivisions, either within or without the State, or with the United States or its agencies.’ In particular, LSA R.S. 33:1324 authorizes parishes, municipalities and other political subdivisions to ‘make agreements between or among themselves to engage jointly in the construction, acquisition or improvement of any public project or improvement, the promotion and maintenance of any undertaking or the exercise of any power, provided that at least one of the participants to the agreement is authorized under a provision of general or special law to perform such activity or exercise such power as may be necessary for completion of the undertaking.’ Such agreements may include but are not limited to activities concerning incinerators and garbage collections and disposal systems. LSA R.S. 33:1324(4). LSA R.S. 33:1333 provides specifically for agreements concerning collection and disposal of solid waste and further provides that all such agreements shall be pursuant to ‘the local services law.’
“A copy of the Charter of the Commission was filed in evidence as defendant’s Exhibit A. According to the Charter the joint commission was created to act as an agency and instrumentality of the various public bodies to implement a long-term plan for disposal of solid waste.
“On February 17, 1988, the Town of Welsh (plaintiff, or Welsh) filed this suit against the Commission seeking to declare the two contracts entered into by the Commission with American Waste to be null, void and of no legal effect. The Jefferson Davis Parish Police Jury (Police Jury) intervened as a party-plaintiff aligning itself with the Town of Welsh and American *1114 Waste also intervened as a party-defendant aligning itself with the Commission.
“The first contract is dated November 5, 1987, and purports to hire American Waste to perform certain maintenance and operational tasks at the sanitary landfill owned by the Commission. The term of the contract is 25 years, or until closure, whichever occurs first, and, in accordance with its provisions, American Waste is to operate and maintain the landfill as specified and is to be entitled to receive compensation as outlined in the contract. The contract further provides that American Waste shall commence operations upon the occur- ' rence of certain conditions precedent, namely, modification of the Commission’s standard permit No. P-0100, issued by the Louisiana Department of Environmental Quality to operate the landfill. A copy of this contract was filed in evidence as defendant’s Exhibit E.
“The second contract, referred to as the ‘interim contract,’ is dated January 6, 1988, and provides for the operation and maintenance of the landfill by American Waste until such time as the conditions precedent set out in the initial contract are met by the necessary amendments. The second contract outlines in detail the operational services to be performed by American Waste and the compensation to be received for such services. A copy of the interim contract was filed in evidence as defendant’s Exhibit D.
“Under the terms of both contracts, the Commission retains ‘control over the day-to-day operation and/or management at the sanitary landfill.’
⅜ * ⅜ * ⅜ ⅜!
“Welsh and the Police Jury contend that the contracts violate Article V of the charter in that they surrender control of the day-to-day operations and/or management of the landfill to American Waste without having received unanimous consent of all of the political subdivisions which created the Commission.
“Article V of the charter provides in pertinent part:
The commission shall have the power and authority to employ persons necessary to operation of any solid waste disposal/sanitary landfill facilities or any other projects constructed and/or operated under the authority of the commission and to provide for their compensation as operating expenses.
The commission may employ a project manager to oversee and manage operation of the solid waste disposal/sanitary landfill facility.
Control of the day-to-day operation and/or management of the solid waste disposal/sanitary landfill facility or any portion thereof may be transferred by lease or other agreement to third persons only with the unanimous consent of each and every governing body of the member governmental units which are parties to this agreement.
⅜ ⅝ ⅝ ⅝ ⅝ ⅝
“The position of American Waste can be simply stated as follows: Both contracts expressly provide that control of daily operations and management is retained by the Commission. Although the contracts set forth certain duties which American Waste is obligated to perform, this assignment of duties is not a delegation of the Commission’s right to control operations and management but are instructions by the Commission to American Waste. The assignment of duties is not a transfer of control. Because the right to control has been retained, the Commission may direct American Waste in the manner in which the tasks are to be performed.
“The position of Welsh and the Police Jury can also be simply stated as follows: The language in the contracts stating that the Commission retains control over the day-to-day operations and/or management of the landfill is merely lip service. When all of the terms and conditions of the contracts are examined in their totality, the legal effect is that the Commission’s right to control the day-to-day operations and management of the landfill has been surrendered to American Waste.
“The court has carefully considered the terms and provisions of the contract in their totality, as well as the arguments of *1115 counsel, and agrees with the positions stated by Welsh and the Police Jury that the Commission has in legal effect surrendered control of the day-to-day operations and/or management of the landfill to American Waste. Therefore, under Article V of the charter, since the contracts did not receive the unanimous consent of each and every governing body of the member governmental units, the contract should be declared null and void.”
On appeal, American Waste emphasizes those contractual provisions which state the Commission retains control of day-today operations of the landfill. American Waste points out the Commission has the right to control operations, inspect the facility, and seek modification of the DEQ permit. While these contractual provisions do indeed exist, they do not change the fact that actual control was transferred by the Commission to a third party without unanimous consent of the governing bodies.
We agree with the trial judge that the authority and responsibility contractually assigned to American Waste constitute control of the landfill. That authority includes the right to alter the landfill facility, make capital improvements, construct roads and other structures, set and modify user fees and hours of operation, collect all user fees and ■ tipping fees, and control the waste stream and access gate. American Waste’s responsibilities under the contract include monthly reporting, periodic groundwater testing, installation and maintenance of gas control systems, and payment of all utilities. American Waste is required under the contract to furnish all personnel and equipment necessary for the landfill’s operation. The Commission, on the other hand, is required by the contract to seek modification of the DEQ permit in certain particulars at the request of American Waste.
After reviewing the two contracts at issue, as well as the Commission charter, the DEQ permit, and all other evidence submitted herein, we find no manifest error in the trial court’s conclusion that control of the Jefferson Davis Parish Sanitary Landfill was improperly transferred to American Waste pursuant to the two contracts before us. We therefore affirm the trial court’s declaratory judgment in favor of the Town of Welsh, declaring the two contracts between the Commission and American Waste null, void, and without legal effect.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed to American Waste and Pollution Control Company.
AFFIRMED.